# Third District Court of Appeal

## State of Florida

Opinion filed July 2, 2026.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D25-2336
Lower Tribunal No. D24-15134 TP D009
_____

**H.C., the Mother,**
Appellant,

vs.

**Department of Children and Families, et al.,**
Appellees.

An Appeal from the Circuit Court for Miami-Dade County, Michelle Alvarez Barakat, Judge.

Law Offices of Roger Ally, P.A., and Roger Ally, for appellant.

Karla Perkins, for appellee Department of Children & Families; Sara Elizabeth Goldfarb, and Stephanie E. Novenario (Tallahassee), for appellee Guardian ad Litem.

Before FERNANDEZ, MILLER, and LOBREE, JJ.

PER CURIAM.

Affirmed. See R.G. v. Dep't of Child. & Fam. Servs., 792 So. 2d 1269, 1269 (Fla. 3d DCA 2001) (affirming dependency order where "any due process concerns were never raised before the trial court and are therefore barred" (citing Hill v. State, 549 So. 2d 179, 182 (Fla. 1989))); J.G. v. Dep't of Child. & Fams., 22 So. 3d 774, 776 (Fla. 4th DCA 2009) ("[T]he parents' claim that their procedural due process rights were violated . . . was raised for the first time in this appeal, and therefore was not preserved for appellate review."); Fla. R. Juv. P. 8.265(b)(4) ("To preserve for appeal a challenge to the failure of the trial court to make required findings of fact in the final order, a party must raise that issue in a motion for rehearing under this rule."); Scognamillo v. Jamison, 389 So. 3d 624, 625 (Fla. 3d DCA 2023) ("[W]here an error by the court appears for the first time on the face of a final order, a party must alert the court of the error via a motion for rehearing or some other appropriate motion in order to preserve it for appeal.") (quotation omitted); Mesa v. State, 431 So. 3d 577, 579 n.1 (Fla. 3d DCA 2026) (declining to reach the merits of an argument not raised in the initial brief: "[I]ssues not raised in the initial brief are considered waived or abandoned.") (quotation omitted).